**David E. DANNER, Plaintiff–Appellant,**

v.

**BOARD OF PROFESSIONAL RESPONSIBILITY OF the TENNESSEE SUPREME COURT; Charles A. High, Defendants–Appellees.**

No. 08–6075.

United States Court of Appeals, Sixth Circuit.

May 18, 2009.

Before: GUY, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge.

David Danner sued the Tennessee Supreme Court's Board of Professional Responsibility ("the Board") and its former Disciplinary Counsel, Charles High, during a Board investigation of complaints filed by Danner's former clients. The district court dismissed his case without prejudice under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Danner appeals, and we affirm.

## I.

We review de novo a district court's order declining federal jurisdiction on grounds of *Younger* abstention. *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996). The *Younger* doctrine counsels federal courts to abstain from enjoining certain pending state court criminal pro-

ceedings, 401 U.S. at 44, 91 S.Ct. 746, but the doctrine also extends to ongoing administrative proceedings, such as state bar disciplinary processes, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434–35, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Federal courts properly invoke *Younger* abstention when a proceeding satisfies three criteria: "(1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding." *Danner v. Bd. of Prof'l Responsibility of the Tenn. Supreme Court*, 277 Fed.Appx. 575, 578 (6th Cir.2008).

Here the Board proceedings are ongoing state judicial proceedings for purposes of applying *Younger*. The Board commenced its disciplinary process by authorizing a Petition for Discipline before Danner filed his state court claim. State bar disciplinary proceedings may be "judicial in nature." *Middlesex*, 457 U.S. at 433–34, 102 S.Ct. 2515. In fact, this Circuit holds that similar attorney disciplinary proceedings are "an adjudicative, rather than a legislative, function." *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir.2006); *see also Danner*, 277 Fed.Appx. at 578; *Fieger*, 74 F.3d at 744.

As for the remaining *Younger* criteria, the regulation and discipline of attorneys is without a doubt an important state function. *See Danner*, 277 Fed.Appx. at 579. Moreover, the disciplinary process provides for judicial review of allegations that the Board's findings violate constitutional provisions. *Id.* We therefore conclude that the proceedings satisfy all three of the *Younger* criteria and hold that the district court correctly abstained in deference to the state proceeding. In addition, Danner

failed to invoke any of the exceptions to *Younger* abstention—"bad faith, harassment, or flagrant unconstitutionality." *Squire*, 469 F.3d at 556 (citation and internal quotation marks omitted).

## II.

We affirm.